

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Geoffrey Sant
tel: +1.212.858.1162
geoffrey.sant@pillsburylaw.com

July 1, 2022

**<u>Via Electronic Filing</u>**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *In re March 1 Request for Disinterested Legal Advice Concerning Electronic Service in China* – Amici Brief.

Dear Judge Woods:

We represent Amici Professor Benjamin Liebman and Pillsbury Winthrop Shaw Pittman LLP. On June 7, 2022, we respectfully submitted an amici brief regarding electronic service of process in China.

Amici respectfully submit this letter to apprise the Court of newly discovered legal authority that contradicts one statement of law in amici's original submission.

This correction does not impact amici's original analysis: namely, (i) under Chinese law, service of process is considered a judicial act and parties seeking to effect service of process in China for a judicial proceeding overseas must do so in compliance with Article 284 (formerly Article 277) of the Civil Procedure Law; and (ii) Article 274 is only relevant to service upon parties outside of China. Nevertheless, amici respectfully submit this letter to supplement / correct amici's discussion of Article 274.

ORIGINAL ASSERTION

On page 11 of amici's submission, amici stated that "consent is not required when using electronic means to effect service on litigants outside of China." This statement was based on the clear language of Article 274 of the Civil Procedure Law. Amici further stated: "Although there appear to have been few cases in China in which defendants have contested such overseas service of process via email, in one recent high-profile case a Chinese court explicitly relied on Article 274 to uphold service of process by email against a defendant who argued that service via email was invalid in the defendant's home jurisdiction of Delaware." Brief of Amici Curiae at 11. Amici cited to a case published in 2020, but noted that the "case does not appear to be available on the Supreme People's Court's public repository of cases…" *Id*. at 11 n.15.

The Honorable Gregory H. Woods
July 1, 2022
Page 2

NEWLY IDENTIFIED AUTHORITY

Amici recently located a document posted online by the Supreme People's Court on January 24, 2022,[1] which supplements amici's above analysis, and expresses a stricter view of service of process outside of China.

Article 11 of the Minutes of the National Symposium on Foreign-related Commercial and Maritime Trial Work of Courts (the "Meeting Minutes") states:

> "When a People's Court serves a judicial document on a person to be served who has no domicile within the territory of the People's Republic of China, if the law of the country where the person to be served is located does not prohibit electronic service, the people's court may adopt electronic service in accordance with Article 274 of the Civil Procedure Law, unless the electronic service is against an international treaty concluded or acceded to by China.
>
> In the event that the country where the person to be served is located is a member state of the Hague Service Convention and objects to the service by mail under the Convention, it shall be presumed that the country does not allow electronic service, and the people's court shall not adopt electronic service."

The Meeting Minutes are not formally classified as law in China. Nevertheless, the Supreme People's Court uses meeting minutes such as these to distribute its views to lower courts to guide court actions, and lower courts are expected to follow the guidance set forth in meeting minutes. Thus, the recently-issued Meeting Minutes should be considered as reflecting the views of the Supreme People's Court, and serve as very strong guidance as to the Court's views on the issues discussed. The Meeting Minutes' interpretation of Article 274 may also help to explain why the lower court decision referenced in amici's initial submission does not appear on the official China Judgments Online database.

SIGNIFICANCE OF NEW AUTHORITY

The Meeting Minutes indicate that Chinese courts will only authorize service overseas by email where it is legal in the jurisdiction in which service is made, and that if a country objects to service by mail under the Hague Convention, then service by email is invalid. Amici continue to believe that Article 274 would not apply to the present cases (because Article 274 applies only to service of process upon parties located *outside* of China). Nevertheless, assuming *arguendo* that Article 274 is applicable here, the Meeting Minutes indicate the view of the Supreme People's Court that service by email is invalid because China objected to service by mail under the Hague Convention.

Amici are available to answer any questions the Court may have, and regret the oversight of the Meeting Minutes in our initial submission.

We thank the Court again for the opportunity to assist the Court.

---

[1] https://cicc.court.gov.cn/html/1/218/62/409/2172.html.

The Honorable Gregory H. Woods
July 1, 2022
Page 3

        Respectfully submitted,

        /s/ *Geoffrey Sant*
        Geoffrey Sant
        PILLSBURY WINTHROP SHAW
        PITTMAN LLP
        31 West 52nd Street
        New York, New York 10019
        Tel.: 212-858-1000