Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Smart Study Co., Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMART STUDY CO., LTD.,<br><br>*Plaintiff*<br><br>v.<br><br>ACUTEYE-US, APZNOE-US, BEIJINGKANGXINTANGSHANGMAOYOUXIANGONGSI, BLUE VIVI, BONUSWEN, CHANGGESHANGMAOYOUXIANGONGSI, CITIHOMY, CKYPEE, DAFA INTERNATIONAL, DAZZPARTY, FAMING, GAIFEI TRADE CO LTD, GEGEONLY, HAITING$, HAOCHENG-TRADE, HAPPY PARTY-001, HEARTLAND GO, HUIBI-US, JOYSAIL, JYOKER-US1, KANGXINSHENG1, LADYBEETLE, LICHE CUPCAKE STAND, LVYUN, MARY GOOD SHOP, NA-AMZ001, NAGIWART, NUOTING, QINGSHU, QT-US, SALIMHIB-US, SAM CLAYTONDDG, SENSIAMZ BACKDROP, SHENZHENSHIXINDAJIXIEYOUXIANGONGSI, SMASSY US, SMSCHHX, SUJIUMAISUSU, SUNNYLIFYAU, TELIKE, THEGUARD, TONGMUMY, TOPIVOT, TUOYI TOYS, UNE PETITE MOUETTE, VETERANS CLUB a/k/a 老兵俱乐部, WCH- US, WEN MIKE, WONDERFUL MEMORIES, WOW GIFT, XUANNINGSHANGWU, XUEHUA INC, XUIYUI7I, YAMMO202, YICHENY US, | **CIVIL ACTION No. 21-cv-5860 (GHW)** |

YLILILY,
YONGCHUNCHENGQINGMAOYIYOUXIANGONGSI,
YOOFLY and ZINGON US,

*Defendants*

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ..................................................................................................... 1

    **A.   RULE 54(B) ALLOWS FOR THIS COURT TO ENTER PARTIAL JUDGMENT
    AGAINST THE FORTY-NINE (49) DEFAULTING DEFENDANTS ............................. 1**

       1.    There Are Multiple Parties and Claims in This Action ................................ 2

       2.    All Claims Against Defaulting Defendants Have Been Fully Adjudicated ................... 2

       3.    There is no Just Reason for Delay ............................................................ 2

    **B.   PLAINTIFF'S PROPOSED COURSE OF ACTION WITH RESPECT TO THE
    REMAINING DEFENDANTS ................................................................................. 4**

III.  CONCLUSION ..................................................................................................... 5

iv

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|------|------------|---------------------|
| **Plaintiff or Smart** | Smart Study Co., Ltd. | N/A |
| **Defendants** | Acuteye-US, APZNOE-US, beijingkangxintangshangmaoyouxiangongsi, blue vivi, Bonuswen, changgeshangmaoyouxiangongsi, Citihomy, Ckypee, DAFA International, Dazzparty, FAming, GaiFei Trade Co Ltd, GeGeonly, HAITing$, Haocheng-Trade, HAPPY PARTY-001, Heartland GO, Huibi-US, Joysail, Jyoker-US1, Kangxinsheng1, LADYBEETLE, LICHE Cupcake stand, lvyun, Mary good shop, NA-AMZ001, Nagiwart, nuoting, Qingshu, QT-US, SALIMHIB-US, SAM CLAYTONddg, Sensiamz Backdrop, shenzhenshixindajixieyouxiangongsi, SMASSY US, SMSCHHX, sujiumaisusu, sunnylifyau, telike, Theguard, tongmumy, Topivot, Tuoyi Toys, Une petite mouette, Veterans Club a/k/a 老兵俱乐部, wch- us, WEN MIKE, WONDERFUL MEMORIES, WOW GIFT, xuanningshangwu, XueHua INC, Xuiyui7i, YAMMO202, Yicheny US, YLILILY, yongchunchengqingmaoyiyouxiangongsi, YooFly and Zingon US | N/A |
| **Defaulting Defendants** | Acuteye-US, APZNOE-US, beijingkangxintangshangmaoyouxiangongsi, blue vivi, Bonuswen, Citihomy, Ckypee, DAFA International, Dazzparty, FAming, GeGeonly, HAITing$, Haocheng-Trade, HAPPY PARTY-001, Heartland GO, Huibi-US, Joysail, Jyoker-US1, Kangxinsheng1, LADYBEETLE, LICHE Cupcake stand, lvyun, Mary good shop, NA-AMZ001, Nagiwart, nuoting, Qingshu, QT-US, SALIMHIB-US, SAM CLAYTONddg, Sensiamz Backdrop, SMSCHHX, sujiumaisusu, telike, Theguard, tongmumy, Une petite mouette, Veterans Club a/k/a 老兵俱乐部, wch- us, WEN MIKE, WONDERFUL MEMORIES, WOW GIFT, xuanningshangwu, Xuiyui7i, YAMMO202, Yicheny US, yongchunchengqingmaoyiyouxiangongsi, YooFly and Zingon US | N/A |
| **Remaining Defendants** | changgeshangmaoyouxiangongsi and shenzhenshixindajixieyouxiangongsi | N/A |

| Amazon | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
|---|---|---|
| Sealing Order | Order to Seal File entered on July 6, 2021 | Dkt. 1 |
| Complaint | Plaintiff's Complaint filed on August 4, 2021 | Dkt. 4 |
| Application | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on August 4, 2021 | Dkts. 4, 10-13 |
| Yang Dec. | Declaration of Su Jeong Yang in Support of Plaintiff's Application | N/A |
| Futterman Dec. | Declaration of Danielle S. Futterman in Support of Plaintiff's Application | Dkt. 12 |
| TRO | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on August 9, 2021 | Dkt. 14 |
| PI Show Cause Hearing | July 23, 2021 hearing to show cause why a preliminary injunction should not issue | N/A |
| PI Order | July 30, 2021 Preliminary Injunction Order | Dkt. 16 |
| User Account(s) | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, | N/A |

|  | export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |  |
|---|---|---|
| **Baby Shark Content** | One of Smart's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters | N/A |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos.: 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" a variety of goods in Classes 9 and 25; 6,138,374 for **pinkfong** for a variety of goods in Class 41; 6,337,210 for "PINKFONG BABY SHARK" for a variety of goods in Class 21 and 6,021,523 for **pinkfong Baby Shark** for a variety of goods in Class 28 | N/A |
| **Baby Shark Applications** | U.S. Trademark Serial Application Nos.: 79/253,035 for registration of "BABY SHARK" for a variety of goods in Classes 41, 25, 16 and 9; 88/396,786 for registration of "PINKFONG BABY SHARK" for a variety of goods in Class 25; 88/529,984 for registration of "PINKFONG" for a variety of goods in Class 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 41; 88/530,086 for registration of "BABY SHARK" for a variety of goods in Class 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 41; 88/594,141 for "PINKFONG" for a variety of goods in Class 5; and 88/594,122 for "BABY SHARK" for a variety of goods in Class 5 | N/A |
| **Baby Shark Marks** | The Baby Shark Registrations and Baby Shark Applications | N/A |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot; SR 823-609, covering Baby Shark (Sound Recording and Music); PA 2-142-905, covering Baby Shark (Motion Picture) | N/A |

| | | |
|---|---|---|
| **Baby Shark Products** | Smart has developed and initiated an extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or | N/A |

| | which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | |
|---|---|---|
| **Amazon Discovery** | The supplemental report identifying Defendants' Infringing ASIN Number, Merchant Customer ID, Net Ordered Units, among other things, provided by counsel for Amazon to Plaintiff's counsel pursuant to the expedited discovery ordered in both the TRO and PI Order | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on August 11, 2023 | Dkts. 116-119 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | Dkt. 117 |

## I.   <u>INTRODUCTION</u>[1]

In accordance with the Court's directives at the October 25, 2023 hearing on Plaintiff's Motion for Default Judgment ("October 25, 2023 Hearing"), Plaintiff respectfully submits the instant memorandum of law.  Plaintiff respectfully submits that Rule 54(b) allows this Court to enter partial judgment against the forty-nine (49) Defendants it granted Plaintiff's Motion for Default Judgment against on the record at the October 25, 2023 Hearing.

## II.   <u>ARGUMENT</u>

### A.   RULE 54(B) ALLOWS FOR THIS COURT TO ENTER PARTIAL JUDGMENT AGAINST THE FORTY-NINE (49) DEFAULTING DEFENDANTS

Federal Rule of Civil Procedure 54(b) provides for judgment on multiple claims or involving multiple parties and states, in relevant part, when an action involves multiple parties, the court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

The Second Circuit has developed a three-factor test for determining when to certify a partial judgment under Rule 54(b): "(1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay. *Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005) (internal quotations omitted) (citing *Info. Res., Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002)). "While the first two factors are objective measures based on the procedural circumstances of the case, the third factor depends on substantive facts and, thus, district courts have discretion in determining whether there is 'no just reason for delay.'" *Patterson v. Help USA*, No. 16-cv-2649 (SJ) (RER), 2018 U.S. Dist. LEXIS 100080 (E.D.N.Y. June 13, 2018).

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

As discussed below, each of these requirements are met in this case, and as such, this Court can enter partial judgment against the forty-nine (49) Defaulting Defendants it granted Plaintiff's Motion for Default Judgment against at the October 25, 2023 Hearing.

### 1.  There Are Multiple Parties and Claims in This Action

Here, there are unquestionably both multiple claims and parties involved in this action. The first requirement of Rule 54(b) analysis is therefore satisfied. *See e.g.*, *Loral Fairchild Corp. v. Victor Co. of Japan*, 931 F. Supp. 1044 (E.D.N.Y. 1996) (Where plaintiff had joined numerous Japanese electronics manufacturing companies in a single civil action, the determination of liability as to two of the defendants was sufficient under the first prong of Rule 54(b)).

### 2.  All Claims Against Defaulting Defendants Have Been Fully Adjudicated

Pursuant to Fed. R. Civ. P. 54(b), "[i]f the decision ends the litigation of that claim on the merits and leaves nothing for the court to do but execute the judgment entered on that claim, then the decision is final." *Ginett v. Comput. Task Grp.*, 962 F.2d 1085 (2d Cir. 1992) (internal quotation marks and alterations omitted) (citation omitted). Here, the Court's decision in granting Plaintiff's Motion for Default Judgment against the Defaulting Defendants is final as it finally disposed of Plaintiff's claims against them. *See, e.g.*, *Amalgamated Serv. & Allied Indus. Joint B. v. Supreme Hand Laundry*, 182 F.R.D. 65 (S.D.N.Y. 1998) (granting rule 54(b) motion upon entry of default judgment); *Ford Motor Credit Co. LLC v. Simao*, 7:10-cv-859, 2011 U.S. Dist. LEXIS 10414 (N.D.N.Y. Feb. 3, 2011) (finding granting of default judgment motion against one of the defendants to be a final decision); *Realty Works, LLC v. HR Trust, LLC*, 3:09-cv-1057 (WWE), 2009 U.S. Dist. LEXIS 145513 (D. Conn. Oct. 20, 2009) (same). The second Rule 54(b) factor is therefore satisfied.

### 3.  There is no Just Reason for Delay

If the first two Rule 54(b) factors are met, a district court may certify a ruling as a final

2

judgment and direct entry of judgment if it makes "an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). It is within the sound discretion of the Court to determine whether there is "no just reason for delay" such that a Rule 54(b) judgment is appropriate. *See, Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (citation omitted); *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 86 (2d Cir. 1998).

In *Ford Motor Credit*, the court ultimately determined that there was "no just reason for delaying" entry of default judgment when considering the following facts: (1) the ultimate resolution of this case may take months or years; (2) the claim against Defendant is liquidated (the Court already determined the amount to which Plaintiff is entitled); (3) the issues concerning [the defaulting defendant]…are different from those to be litigated against the remaining Defendants; and (4) there is little risk of inconsistent damages determinations". 2011 U.S. Dist. LEXIS 10414 at *2-*3. Many of the facts considered by the court are the same here.

First, the ultimate resolution of this case will likely take at least another six (6) months to upwards of a year if partial judgment is not granted as Plaintiff can proceed with either (1) appealing the Court's decision in denying Plaintiff's Motion for Default Judgment against the Remaining Defendants to the Second Circuit which can take upwards of six (6) months to a year or more; or (2) serving the Remaining Defendants via the Hague Convention, which, in Plaintiff's counsel's experience has taken at least (9) months, and often longer.

Moreover, the Court has already determined the amount of damages which Plaintiff is entitled to against each Defaulting Defendant, and while Plaintiff's claims against each Defendant in this action is nearly identical, each Defendant's counterfeiting and infringing activities vary slightly as Plaintiff detailed in its Motion for Default Judgment. Finally, this Court has allowed for a prompt entry of default judgment where the plaintiff suffered a significant monetary injury and

3

postponing recovery would delay or jeopardize that plaintiff's recovery "since a plaintiff cannot begin to collect on a judgment until it is final. During the potentially protracted litigation against the non-defaulting defendants, the defaulting defendants would have ample opportunity to spend, secrete, or otherwise protect their ill-gotten gains. If they are successful in doing so, the delayed inquest could permanently prevent the plaintiff from being made whole." *Int'l Gemmological Inst., Inc. v. Rafaeil*, 05 Civ. 2395 (JGK)(JCF), 2005 U.S. Dist. LEXIS 19288, at *7-*8 (S.D.N.Y. Aug. 17, 2005), report and recommendation adopted, 2016 U.S. Dist. LEXIS 23339 (S.D.N.Y. Mar. 21, 2006); *see also*, *United States v. First Funds LLC*, 10 Civ. 6540 (JGK)(MHD), 2012 U.S. Dist. LEXIS 56630, at *3 (S.D.N.Y. Apr. 20, 2012) (citing *Int'l Gemmological*, 2005 U.S. Dist. LEXIS 19288 at *2-*3) ("a plaintiff should be able to pursue prompt enforcement of judgment against a defaulted defendant."). Here, at the October 25, 2023 Hearing, the Court indicated it would grant Plaintiff's request for monetary damages in the amount of to $50,000.00 per Defaulting Defendant. Accordingly, and in light of this Court's findings in similar circumstances, Plaintiff should be able to pursue prompt enforcement of the judgment entered against Defaulting Defendants, which here would amount to Plaintiff serving restraining notices on the Financial Institutions. *See, e.g. id.*

Accordingly, each of these considerations favors the entry of partial judgment. "[C]onsiderable deference" is given to the Court's determination whether just reason for delay exists "because of its more intimate knowledge of the factual circumstances of the case." *Hudson River Sloop Clearwater, Inc. v. Department of Navy*, 891 F.2d 414, 419 (2d Cir. 1989).

**B.    PLAINTIFF'S PROPOSED COURSE OF ACTION WITH RESPECT TO THE REMAINING DEFENDANTS**

At the October 25, 2023 Hearing, the Court further directed Plaintiff to advise the Court as to its requested course of action with respect to the Remaining Defendants. If the Court proceeds with denying Plaintiff's Motion for Default Judgment with respect to Remaining Defendants as it

4

indicated it would at the October 25, 2023 Hearing and grants Plaintiff's requested relief herein to enter partial judgment against Defaulting Defendants, Plaintiff intends to file an interlocutory appeal on the Court's decision to deny Plaintiff's Motion for Default Judgment as to the Remaining Defendants pursuant to 28 U.S.C. § 1292.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter partial judgment on its granting of Plaintiff's Motion for Default Judgment.

Dated: November 8, 2023                          Respectfully submitted,

                                                 EPSTEIN DRANGEL LLP

                                    BY:      /s/ Danielle S. Futterman
                                             Danielle S. Futterman (DY 4228)
                                             dfutterman@ipcounselors.com
                                             Jason M. Drangel (JD 7204)
                                             jdrangel@ipcounselors.com
                                             Ashly E. Sands (AS 7715)
                                             asands@ipcounselors.com
                                             Gabriela N. Nastasi
                                             gnastasi@ipcounselors.com
                                             60 East 42nd Street, Suite 1250
                                             New York, NY 10165
                                             Telephone:    (212) 292-5390
                                             Facsimile: (212) 292-5391
                                             *Attorneys for Plaintiff*
                                             *Smart Study Co., Ltd.*